UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JUL 15 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

VANESSA A. ACKLEY
P.O. BOX 482
ORWELL, OHIO 44076

CASE NO: 4:20CV00325

PLAINTIFF,

JUDGE:

V.

TOWNSHIP OF HOWLAND

AMENDED COMPLAINT

HOWLAND TOWNSHIP
POLICE DEPARTMENT
169 NILES -CORTLAND ROAD
N.E. WARREN, OHIO 44484

INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES AS
EMPLOYEES OF OR
GOVERNMENT ENTITY OF THE
HOWLAND TOWNSHIP
POLICE DEPARTMENT

NICK ROBERTS
JEFF URSO
JEFF EDMUNDSON
SEAN STEPHENS

DEFENDANTS,

I. PRELIMINARY STATEMENT

1. This civil rights, malicious prosecution and false imprisonment case challenges the validity of the arrest of Vanessa A. Ackley, initiated by the Howland Township Police Department on February 23, 2018. The 41 year old woman, mother, grandmother, minister and resident of Howland Township was falsely arrested and maliciously prosecuted just two days after a Howland Township Detective was caught on tape inquiring if Vanessa A. Ackley was a witness against the Department and harassing her to give him the name of her attorney. Due to unlawful and unnecessary harassment and retaliation at the responsibility of the Howland Township Police Department, the Plaintiff suffered 80 days in the County Jail, 48 days on house arrest, assassination of character by false stories in the local press, a year of attending court dates for a retaliatory charge, with no probable cause, and spent over $20k in attorney and legal fees to secure that she would not go to prison for a crime that never even occurred. Plaintiff was banned from her child's school for an entire year, all for the actions inflicted upon her, violating her civil rights. The charges were dismissed on March 14, 2019.

## II. PARTIES

2. Plaintiff Vanessa A. Ackley brings this action forward as a pro se litigant seeking compensation and justice for the retaliatory offenses committed against her.

3. Defendant Township of Howland was at all times relevant to this action, an "agency" organized under the laws of the State of Ohio. Township of Howland is a "person" under 42 U.S.C. 1983, and at all times relevant to this case acted under the color of law and are being brought action in their official capacities.

4. Defendant Howland Township Police Department was at all times relevant to this action, an "agency" organized under the laws of the State of Ohio. Howland Township Police Department is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under the color of law and are being brought action in their official capacities.

5. Defendant Nick Roberts, Chief of Police, was at all times relevant to this action as a law enforcement officer employed by the Howland Township Police Department. Defendant Roberts is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under the color of law. He is being brought action in his official and individual capacities.

6. Defendant Jeff Urso, Assistant Chief of Police, was at all times relevant to this action as a law enforcement officer employed by the Howland Township Police Department. Defendant Urso is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under the color of law. He is being brought action in his official and individual capacities.

7. Defendant Jeff Edmundson, Detective, was at all times relevant to this action as a law enforcement officer employed by the Howland Township Police Department. Defendant Edmundson is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under the color of law. He is being brought action in his official and individual capacities.

8. Defendant Sean Stephens, Detective, was at all times relevant to this action as a law enforcement officer employed by the Howland Township Police Department. Defendant Stephens is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under the color of law. He is being brought action in his official and individuals capacities.

## III. STATEMENT OF FACTS

9. Vanessa A. Ackley is a 42 year old mother, grandmother, minister, author, volunteer and a legally disabled woman, whom at the time of incident was a resident of Howland Township. She is educated in the private investigative field and, until her encounters with the Howland Township Police Department, had never been arrested.

10. On the afternoon of December 18, 2017 Vanessa A. Ackley, accompanied by a witness, entered the Howland Township Police Department, with a compilation of evidence, including audio recordings on a flash drive and other documentation such as photos, and wished to file a police report for crimes committed against her, including being held at knife-point in her home for hours by her now former husband. At the time of her arrival to the police station, Vanessa A. Ackley had a visible burn on her chest from the encounter in her home that led to the man putting cigarettes out on her body. In addition, she wished to file a complaint to report threats and plans that her now former husband had made against two minority children, against a middle school, against her own child and against a pregnant Howland Township woman. She provided evidence, actual and

compelling, that this was true., including audio of her now former husband acknowledging and talking about much of it. This is where Vanessa A. Ackley was introduced to Detective Sean Stephens, who thereby became lead detective on the case.

11. On the afternoon of December 18, 2017 at the Howland Township Police Department, in front of a witness, Vanessa A. Ackley handed all the evidence she had collected over to the Howland Township Police Department and Defendant in this action, Sean Stephens, and verbally briefed him on the situation, and especially the current and imminent danger to an unborn Arabic baby who her now former husband (a white supremacist) was on audio recordings acknowledging a plan to murder. She requested immediate protection of that unborn child and its pregnant mother, a resident of Howland Township although the request was denied. A witness was present for these discussions and the handing over of the evidence in Vanessa A. Ackley's possession to the possession of Detective Sean Stephens.

12. On the afternoon of December, 18, 2017 at the Howland Township Police Department, and in front of a witness, Vanessa A. Ackley handed a flash-drive to Defendant in this action, Sean Stephens which contained the following recorded statements from her now former husband:

A. Talking about ending it all, saying this is why people do what they do then immediately stating twice that he "loves" school shootings.

B. Another time saying it's funny when a gunman goes into a school and kills children.

C. Acknowledging that he did hold Vanessa A. Ackley hostage at knife-point, for hours, in her home two months prior.

D. Acknowledging that he was assaulted in the neighboring county in the summer of 2017 for calling a man's child a racial slur and threatening to kill her.

E. Discussing how he wants to kill random strangers in public and that the best part of a mass killing is getting to kill police at the end.

F. Acknowledges a plan to kill an unborn Arabic baby.

G. Admits he intimidated and threatened a whole houseful of people in Howland Township in the summer of 2017, threatening to massacre them all, including children. States he thought about coming in and "blasting" them all.

H. Admits it's "easy" to kill, repeatedly implies he's getting ready to snap, talks about murder-suicide, admits he beat his own mother, talks about fantasies of strangling people and states people deserve to be killed.

I. And other alarming statements and admissions that would never be entered into the police report for Vanessa A. Ackley's arrest, that would be denied as existing in a strange phone call recorded of Defendant Sean Stephens, that would never make it to the local press, nor one word about the person already being on the court docket as a "danger to public safety". The press aired that Vanessa A. Ackley "alleges" that she was held hostage. That and many other false statements and complete lies about evidence, through Defendant in this action, Sean Stephens, would be released as truth to the public, even to the extreme that the Plaintiff in this action provided no evidence the man she reported was a danger to the public.

13. Sometime in early February 2018, Defendant Sean Stephens placed a strange phone call to Vanessa A. Ackley. It was recorded from the Howland Township Police Department. The phone call was inappropriate and

the Plaintiff in this action was being asked about her personal medical information and why she received Social Security Disability. Defendant Sean Stephens also claimed he didn't know anything about a baby or threats to the baby, but previously a witness was present and heard him discussing the danger to the unborn baby and he was seen being handed a flash-drive with audio proof of the danger to the baby. The phone call got intense and Vanessa A. Ackley hung up on the Detective when he began lying about the baby again. He then had already denied the family of that baby an interview. The grandmother had requested to speak with him, even provided her address and was never contacted.

14. Vanessa A. Ackley left the Howland Township Police Department on December 18, 2017, having not one officer of the law ask her one question about the threat to the school or any of the plans or threats made by her now former husband. Over 60 days passed until Vanessa A. Ackley was called in for a follow-up on her police report from 2 months prior, on February 21, 2018. The Plaintiff in this action voluntarily went in for questioning, believing it was as a witness. Over 60 days after a credible threat to a local middle school was reported, the first question began with the Plaintiff in this action and the man who made the threats. Audio will prove two Defendants, Jeff Urso and Sean Stephens, acknowledging they ignored the report for over 60 days, having a threat to the middle school and corroboration of it, sitting in their silent and private possession, without action, for those two months.

15. On February 21, 2018, Vanessa A. Ackley, voluntarily entered the Howland Township Police Department for questioning that was conducted and recorded with the Defendant Sean Stephens in a private interview room.

16. During the February 21, 2018 police interview, (and only follow-up) Defendant Sean Stephens is recorded inquiring if Vanessa A. Ackley is a witness against the Department then demands the name of her attorney, twice.

17. During the February 21, 2018 police interview conducted and recorded at the Howland Township Police Department Defendant Sean Stephens, again, denies having knowledge of the evidence he was in possession of for the past two months. He states the delay in investigating or questioning anyone was due to the Plaintiff in this action's police report being "unclear" though it clearly contained the phrases "school shooting", "killing in public" and "death threats to two local children" and he has also heard the audio evidence but that did not compel him, as a lead Detective, to contact the Plaintiff in this action or question the man who made the threats until over 60 days later.

18. During the February 21, 2018 police interview conducted and recorded at the Howland Township Police Department tensions built between the Defendant in this action, Sean Stephens and the Plaintiff in this action, Vanessa A. Ackley. She then begins questioning the Detective about his strange behavior and about why he is blatantly lying to her about evidence. At this point in the interview, the Assistant Chief of Police Jeff Urso, a Defendant in this action, hearing the personal argument between both parties, dismisses Defendant Sean Stephens from the interview and resumes it himself.

19. Vanessa A. Ackley then knows why she was called to the police station, having a past with Defendant Sean Stephen's partner, Jeff Edmundson, also a Defendant in this action, was the reason. Defendant Sean Stephens inquired, while being recorded, if the Plaintiff in this action was a witness against the Department due to word of mouth that the Plaintiff in this action had collected evidence that Defendant Jeff Edmundson previously ignored a plan by the same man she just reported again, that he in 2016 had planned, with 2 other white supremacists, a local mass killing of African Americans and had attempted to buy weapons. Defendant Jeff Edmundson ignored the report, initiated no investigation and refused to question, follow-up or even go to the residence of where the evidence could be found. Now Vanessa A. Ackley had the very same man on tape admitting his desires to kill in public, acknowledging allegiance to white supremacy and making actual admissions and threats but now a school full of children were on the line targeted by a man, who would

otherwise have been in prison, if not for the previous dereliction of duty by Defendant Jeff Edmundson. The interview wasn't an interview at all, and now is suspect to conspiracy and a frame-up to keep Vanessa A. Ackley's evidence, investigations and knowledge of previous unlawful behavior within the Howland Township Police Department, hidden.

20. Recorded interview at the Howland Township Police Department on February 21, 2018, then resumes with Defendant in this action, Jeff Urso, resuming questioning of Vanessa A. Ackley. She then witnesses bizarre and unprofessional behavior from her new interviewer:

A. Defendant Jeff Urso informs her that it's not against the law to say you're going to shoot up a school.

B. That "he" (former husband) was "only" coming to the school to kill one student not target random students, regarding a racially motivated threat to kill a minority student at her school.

C. Quotes the man wanting to kill random strangers in public.

D. Admits he ignored her police report for over 60 days.

E. States the audio evidence provided was "very alarming" but then later helps to prosecute her for bringing alarm to it and has her charged with Felony 5 Making False Alarms.

F. Brings up her past with the Department and that they failed to interview her then. Now brings the second acknowledgment that Plaintiff may be a "threat" to the Department and they prove in their recorded statements that they are aware of that, but nobody ever calls a conflict of interest, had a crime actually occurred, that would be pertinent to successfully and ethically prosecuting a case. However, all parties ignored the conflict of interest and continued in their malicious prosecution of the Plaintiff in this action.

21. On February 23, 2018, Defendant Sean Stephens, a Detective, arrives at Vanessa A. Ackley's residence in Howland Township, accompanied by two patrol cars. Having strange and uncomfortable encounters and a clear personal conflict, she did not open her door but spoke through the storm door. She repeatedly asked him why he was there. He refused to answer. She repeatedly asked him if he had a warrant. He refused to answer. She had full knowledge she did not commit a crime and full knowledge this Defendant had previously harassed her. She kept the door secure, waiting on an answer to what business he had to be at her home.

22. Three or four minutes pass and the Detective cannot answer the question. He is oddly, nearly silent and won't state his business to be there. A Patrolman then forcibly tries to enter the residence by trying to break the storm door. Vanessa A. Ackley then steps out, now only assuming she may be under arrest, because they refuse to state any reason for being there or even verbalize that they have a warrant. She was compliant and calm during her false arrest and she believed that the officers suspected she was audio recording and that is why they were trying not to speak and would not verbalize why they were there and never mentioned a warrant or a charge until she was at the road and possibly separated from any of her own recording devices.

23. Approximately fifteen to twenty minutes into the encounter, and after Defendant Sean Stephens had, himself, put the cuffs on Vanessa A. Ackley, the woman who he believed could destroy his partner's career, she was told in the back of the patrol car, after still demanding answers to what he was doing, told her he was arresting her for filing a false police report. He would not answer her if he had a warrant.

24. Upon arrival to the Trumbull County Jail in Warren, Ohio, the staff in booking stated they had no warrant for her arrest. It took approximately a half hour to get it sent over. The charge Vanessa A. Ackley was read at the

end of her driveway had been incorrect. She was booked into the County Jail on February 23, 2018, charged with Felony 5 Making False Alarms.

25. Vanessa A. Ackley spent 80 days falsely incarcerated in the Trumbull County Jail, deteriorating from multiple health conditions due to lack of proper medical care, as a legally disabled person.

26. Vanessa A. Ackley spent 48 days on house arrest after her release from the County Jail, still being stripped of her freedom to live her life in her usual capacities, She had to pay a daily fee for house arrest.

27. Vanessa A. Ackley did not have a public defender and had to pay approximately $20k in attorney and legal costs due to the retaliatory charges, and spending a year going to court dates.

28. Vanessa A. Ackley was harassed by colleagues of Defendant Sean Stephens, even once being warned to her face by one of them, warning her to leave him alone (knowing she filed a misconduct complaint to his superior regarding Defendant Jeff Edmundson); a fact that the Howland Township Police Department were aware of prior to her false arrest.

29. Vanessa A. Ackley was banned by court order from any communications with her child's school. Not permitted to step foot on any of its properties or attend school functions. She had a child in middle school at the time and a grandchild in elementary school. She could not participate nor even drop off or pick up her family members due to the extreme measures the Defendants took in retaliating.

30. Vanessa A. Ackley lost possession of her home while falsely incarcerated, leaving her homeless for 4 months following her release and separated from her child who was placed with her father until the Plaintiff could find appropriate housing.

31. Vanessa A. Ackley endured a public assassination of her character as Defendant Sean Stephens used the press to publicly call her mental state into question, outright distorting the truth of the case by making statements inconsistent with the evidence such as "Vanessa Ackley is the only one who mentions school shootings in the audio recordings", "Vanessa Ackley stated multiple times that she had a plan on tape to shoot up the school ." Recorded police interviews have her stating more than once that there is no plan on tape, it was said that she provided no evidence the man who she reported was a danger, and that he never mentions school shootings in the tapes. However, a Judge previously stated in a 5 year civil order of protection that he did and the audio in the Defendant's possession verifies that; but he reported clearly untruthful things to discredit the Plaintiff.

32. Defendant Sean Stephens convinced a grand jury to indict Vanessa A. Ackley for a crime that never occurred, by any person.

33. Defendant Sean Stephens' police report for the arrest of Vanessa A. Ackley is extremely far removed from the evidence that he had in his possession.

34. A 5 year civil order of protection was granted on February 14, 2018, for a student at the school and for Vanessa A. Ackley, against the man she reported as a danger to the pubic, after a Magistrate and Judge confirmed the talk of school shootings, wanting to kill in public and multiple death threats to the Plaintiff in this action and her minor child. A fact that Defendant Sean Stephens was not aware of when he stated the opposite of the Judge and Magistrate. They were also shown photographs of Vanessa A. Ackley's injuries while being held hostage in her home by the same man.

35. The Howland Township Police Department altered the date of offense on all court records and documents to fill in the time gap of ignoring the report for over 60 days. The date of offense for Making False Alarms is listed as February 20, 2018. Vanessa A. Ackley reported a danger to the public on December 18, 2017.

36. Vanessa A. Ackley and her child have been diagnosed with PTSD, not only because of the false imprisonment that separated them and because of the harassment but also because the man on tape promising to kill them and nearly did kill Vanessa A. Ackley and pushed a child into partial hiding for over a year, is still free and a threat due to the severity of the retaliation against a "suspected" witness against law enforcement, conspiracy to silence the Plaintiff in this action and the deliberate deprivation of the civil rights afforded to Vanessa A. Ackley under the Constitution of the United States of America.

37. Defendant Jeff Edmundson had adequate opportunity to come forward with the past concerning Vanessa A. Ackley and himself. He willingly allowed prior evidence of the danger reported to remain hidden, for his own benefit. He violated his oath to protect and serve by allowing, conspiring and being party to permitting Vanessa A. Ackley to be maliciously prosecuted and harassed while his colleagues formulated retaliation in his defense. Not just colleagues within the Department, but those outside of the Department as well.

38. Defendant Sean Stephens placed a suspicious phone call late summer of 2018 to a reporter who later verified that Defendant Sean Stephens randomly contacted him, being an acquaintance of Vanessa A. Ackley, and wanted to know who Vanessa A. Ackley had investigating him. In addition, he also divulged that the Prosecutor was "worried too many people were looking into her case."

39. All charges against Vanessa A. Ackley were dismissed on March, 14, 2019.

### IV. FIRST CAUSE OF ACTION – MALICIOUS PROSECUTION

40. Defendants, under the color of law, have deprived Vanessa A. Ackley of her rights, privileges and immunities secured to her by the Fourth, Fifth and Fourteenth Amendments, including the right to due process and to be free from unreasonable search and seizures, without probable cause. Defendants have broken multiple State laws including falsification of a police report and perjury to succeed in the deprivation of the rights afforded to the Plaintiff in this action.

### V. SECOND CAUSE OF ACTION - CRIMINAL AND CIVIL CONSPIRACY

41. Defendants, under the color of law, have deprived Vanessa A. Ackley of her rights, privileges and immunities secured to her by the First, Fifth and Fourteenth Amendments including her rights to due process and Freedom of Speech. Consequently, the harassment and retaliation only began when the Plaintiff in this action verbalized her protest, verbalized the crimes being committed by law enforcement officers, either by social media, email, letters and word of mouth, as well as using her Freedom of Speech afforded to her under the First Amendment to use the press. Noted in the police interview the displeasure of Defendant Jeff Urso statement that Vanessa A. Ackley was spreading around that the Department was negligent and a comment in the press showing further displeasure of her speaking the truth, exercising her Freedom of Speech, then being prosecuted for doing so.

Defendants conspired to protect a fellow officer from due discipline, in the process needing Vanessa A. Ackley to cease her verbalization of what was occurring and conspired, criminally and civilly, to accomplish her silencing.

## VI. THIRD CAUSE OF ACTION - FALSE IMPRISONMENT

42. Defendants, have under the color of law, deprived Vanessa A. Ackley of her rights, privileges and immunities secured to her by the Fourth Amendment including unreasonable search and seizures, without probable cause. Vanessa A. Ackley was subject to not only unlawful search and seizure of her person but also the unlawful search of her E-mail account, was forced to comply to unlawful DNA collection while being booked for a Felony that was known by the Howland Township Police Department, to have not occurred, by Plaintiff in this action or by any other person. Vanessa A. Ackley was deprived of her liberties for 80 days in the County Jail, 48 days on house arrest, an entire year of her child's education from the court order banning her from school functions and property as well as not being free to live her life freely without the demand of court dates, pre-trial release check-ins and the stress of facing a trial, all for a crime that was fictitious and retaliatory in nature. Defendant Sean Stephens acted under the color of law, removing a "problem" for the Department, not removing a criminal from society. Multiple State laws were broken to succeed in making that happen, as well as the breach of every Defendant's sacred oath.

## VII. JURY DEMAND

43. Plaintiff requests a jury trial on all claims triable by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court award:

A. Compensatory damages upon all 6 Defendants in their official and personal capacities in an amount to be shown at trial.

B. Punitive damages upon all 6 Defendants in their official and personal capacities in an amount to be shown at trial.

C. Costs incurred in this action.

D. Such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

x *[signature: Vanessa A. Ackley]*

Vanessa A. Ackley
Pro Se Litigant/Plaintiff
Physical Address:
6610 Bogue Road
Rome, Ohio 44085
Mailing Address:
P.O. Box 482
Orwell, Ohio 44076
Phone: 330) 367-9439
Primary E-mail:
acrawford0227@gmail.com

Amendment

only change

adding Township of Howland

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vanessa A. Ackley

### DEFENDANTS
Township of Howland, Howland Township Police Department, Nick Roberts, Jeff Urso, Jeff Edmundson, Sean Stephens

(b) County of Residence of First Listed Plaintiff **Ashtabula**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Trumbull**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Vanessa A. Ackley Pro Se Litigant
P.O.Box 482 Orwell, Ohio 44076
Phone: 330)367-9439

Attorneys *(If Known)* Attorney Tonja Rogers
400 South Main Street
North Canton, Ohio 44720

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violations of the 1st, 4th,.5th.and 14th. Amendments

Brief description of cause:
Malicious Prosecution, Criminal and Civil Conspiracy, False Imprisonment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE Judge Benita Pearson
DOCKET NUMBER 4:20CV00325

DATE 7/12/2020
SIGNATURE OF ATTORNEY OF RECORD *[signed: Vanessa Ackley]*

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.** Civil Categories: (Please check one category only).

1. [✔] General Civil
2. [ ] Administrative Review/Social Security
3. [ ] Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE:

CASE NUMBER:

**II.** **RELATED OR REFILED CASES.** See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: [ ] is **RELATED** to another **PENDING** civil case [ ] is a **REFILED** case [ ] was **PREVIOUSLY REMANDED**

If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.

**III.** In accordance with Local Civil Rule 3.8, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1) **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
**COUNTY:**
Corporation **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2) **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
**COUNTY:**

(3) **Other Cases.** If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
**COUNTY:**

**IV.** The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section III, please check the appropriate division.

**EASTERN DIVISION**

[ ] AKRON (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[ ] CLEVELAND (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
[✔] YOUNGSTOWN (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

[ ] TOLEDO (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | | |
|---|---|---|
| Vanessa A. Ackley | ) ) ) ) ) | |
| *Plaintiff(s)* | ) ) | |
| v. | ) ) | Civil Action No. 4:20cv00325 |
| Township of Howland, Howland Township Police Department, Nick Roberts, Jeff Urso, Jeff Edmundson, Sean Stephens | ) ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

        Township of Howland
        Howland Trustee's Office
        205 Niles-Cortland Road
        N.E. Warren, Ohio 44484

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                                        *SANDY OPACICH, CLERK OF COURT*

Date: _____                   _____

                                                                                           *Signature of Clerk or Deputy Clerk*

Vanessa Ackley
P.O. Box 482
Orwell, OH 44076



U.S. POSTAGE PAID
PM LG ENV
ORWELL, OH
44076
JUL 13, 20
AMOUNT
$1.40
R2305M145905-15

Thomas D. Lambros
Federal Building + U.S. Courthouse
125 Market Street
Youngstown, OH 44503
— Clerk's Office