PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA A. ACKLEY, | ) | |
| | ) | CASE NO.  4:20CV0325 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| HOWLAND TOWNSHIP POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 30, 36, and 43] |

Pending is Defendants Howland Township, Nick Roberts, Jeff Urso, Jeff Edmundson,

and Sean Stephens's Motion for Summary Judgment (ECF No. 36).[1]  The Court has been

advised, having reviewed the record, the parties' briefs,[2] and the applicable law.  For the reasons

set forth in Section III below, the motion is granted.

---

[1]  The Complaint (ECF No. 1) was amended by interlineation to substitute
Howland Township for Howland Township Police Department as a defendant.  *See* Case
Management Plan (ECF No. 11) at PageID #: 124, ¶ 15.

[2]  Defendants' Fed. R. Civ. P. 56(c)(2) Objection (ECF No. 42) to Plaintiff's
exhibits (ECF Nos. 40-1, 40-2, 40-3, 40-5, 40-6, 40-9, 40-10, 40-11, 40-15, 40-16, and
40-19) attached to her Brief in Opposition to Defendant's Motion for Summary Judgment
is sustained.  The unverified transcripts of brief audio recordings (ECF Nos. 40-1, 40-2,
40-3, 40-5, 40-6, 40-9, 40-10, and 40-11) that were seemingly prepared by Plaintiff are
not properly authenticated and to the extent they are submitted for the truth of the matter
asserted, are not admissible.  In addition, the Misconduct Opinion (ECF No. 40-15), Text
Message (ECF No. 40-16), and Email from Plaintiff's former attorney (ECF No. 40-19)
similarly fail to meet Fed. R. Civ. P 56 requirements.

(4:20CV0325)

Also pending is *Pro Se* Plaintiff Vanessa A. Ackley's Motion to Sanction

Defendants/Defendants' Counsel for Knowingly Submitting False and Misleading Statements in

a Civil Proceeding (ECF No. 43).  For the reasons set forth in Section IV below, the motion is

denied.

## I.  Stipulated Facts

The stipulated facts[3] are as follows:

1.  Plaintiff was the defendant in a case styled *State of Ohio v. Ackley*, No. 2018 CRA

000456 (Warren Muni. Ct. filed Feb. 22, 2018).  ECF No. 37-1 is a true and accurate copy of the

docket sheet for the case.

2.  Plaintiff was arrested on February 23, 2018 and transported to the Trumbull

County Jail.  She was released from the County Jail the same day.  ECF No. 37-2 is a true and

accurate copy of the Booking Summary Report.

3.  Plaintiff personally appeared before the Warren Municipal Court on February 26, 2018

and pled "not guilty" to the charge of making false alarms.

4.  Plaintiff was again booked into the County Jail on March 19, 2018.  ECF No. 37-3 is a

true and accurate copy of the Booking Summary Report.

5.  Plaintiff was assigned a defense attorney by the Warren Municipal Court.

6.  Plaintiff attended an arraignment before the Warren Municipal Court on March 20,

2018.

---

[3]  *See* Joint Stipulations (ECF No. 37).

(4:20CV0325)

7.  The charges against Plaintiff were transferred to the Trumbull County Common Pleas Court in a case styled *State of Ohio v. Ackley*, No. 2018 CR 00253 (Trumbull Cty. Common Pleas Ct. filed March 28, 2018).  ECF No. 37-4 is a true and accurate copy of the docket sheet for the case.

8.  When the case was remanded to the Warren Municipal Court, Plaintiff was named as a defendant under a new case number in a case styled *State of Ohio v. Ackley*, No. 2018 CRB 001225 (Warren Muni. Ct. filed May 22, 2018).  ECF No. 37-5 is a true and accurate copy of the docket sheet for the case.

9.  Plaintiff's bond was modified and she was released from the County Jail on June 7, 2018.

10.  The charges filed in *State of Ohio v. Ackley*, No. 2018 CRB 001225 (Warren Muni. Ct. filed May 22, 2018) were dismissed on March 14, 2019.

## II.  Background

Plaintiff filed this fee paid § 1983 case alleging civil rights violations relating to her arrest and prosecution on felony/misdemeanor charges for making false alarms after she tried to bring a threat of her then-husband, Steven Ackley, against Howland Middle School and other individuals to the attention of Police Officers employed by Defendant Howland Township in 2018.  Plaintiff began making these allegations after the domestic violence charge against her former spouse was dismissed.[4]  Plaintiff alleges she was arrested because she posed a threat to Defendant Jeff

---

[4]  A complaint of domestic violence and claim of a threat of a shooting were purportedly based on the same audio recording.

3

(4:20CV0325)

Edmundson's career.  The First Cause of Action in the Complaint (ECF No. 1) alleges malicious

prosecution in violation of Plaintiff's Fourth, Fifth, and Fifteenth Amendment rights.  The

Second Cause of Action alleges criminal and civil conspiracy in violation of Plaintiff's First,

Fifth, and Fourteenth Amendment rights.  The Third Cause of Action alleges false imprisonment

in violation of Plaintiff's Fourth Amendment rights due to Plaintiff spending 80 days in the

County Jail and 48 days on house arrest.

On December 18, 2017, Plaintiff appeared at the Howland Township Police Department

to report incidents of domestic violence relating to her estranged husband, Steven Ackley.  *See*

Incident Report No. 17-09380 (ECF No. 36-1 at PageID #: 314-26).  Defendant Sean Stephens

("Det. Stephens) conducted an investigation.  Plaintiff's claims of an alleged school shooting

appear to have been based on an audio recording she made of herself and Steven Ackley

sometime in October 2017.  *See* USB Flash Drive (ECF Nos. 46 and 47).[5]  Det. Stephens listened

to the entire audio and was unable to detect any references to an alleged school shooting.  *See*

Affidavit of Det. Stephens (ECF No. 36-1 at PageID #: 267-73) at PageID #: 268, ¶ 11 ("In my

observation of the audio recording, the only person who mentioned a school shooting was the

plaintiff.  Pursuant to my observation of the audio recording, Steven Ackley did not mention,

reference or threaten a school shooting.").  Plaintiff attempted to warn of her then-husband's

---

[5] A zipdrive containing all the notes and audio recordings submitted by Plaintiff
with Incident Report No. 17-09380 (ECF No. 36-1 at PageID #: 314-26), the interviews
conducted as part of the investigation relating to Incident Report No. 18-01559 (ECF No.
36-1 at PageID #: 329-30 and ECF No. 36-2 at PageID #: 332-55), as well as the audio
recordings and email attachments sent by Plaintiff to the Trumbull County Sheriff, as
referenced in Incident Report No. 18-02183 (ECF No. 36-2 at PageID #: 382-94).

(4:20CV0325)

purported school shooting while Steven Ackley was subject to electronic ankle monitoring for a

pending domestic violence charge.  *See* ECF No. 36-1 at PageID #: 327-28.  Thereafter, Plaintiff

continued to send emails and make calls to the FBI, the police, the school administration (*see,*

*e.g.*, ECF No. 36-2 at PageID #: 356-58), local media outlets, and miscellaneous private

investigators from outside of the state of Ohio.

　Det. Stephens concluded Plaintiff's allegations against her former spouse had no factual

basis.  Plaintiff's claims, however, consumed significant amounts of time and resources from the

local police, the FBI, the local media, as well as the school administration.  On February 22,

2018, Det. Stephens filed a Complaint against Plaintiff for raising false alarms in violation of

Ohio Rev. Code § 2917.32 and obtained an arrest warrant (ECF No. 36-2 at PageID #: 359)

based upon the evidence collected by Howland Township Police Officers during their

investigation.  Even after she was arrested, Plaintiff continued to send emails under different

names using false accounts warning of a threat of danger.  *See* ECF No. 36-2 at PageID #: 360-

62; ECF No. 36-2 at PageID #: 363; ECF No. 36-2 at PageID #: 364-65; ECF No. 36-2 at PageID

#: 366-69; Google Subpoena Responses (ECF No. 36-2 at PageID #: 370-77).  Plaintiff was

charged with a felony for making false alarms and arraigned in *State of Ohio v. Ackley*, No. 2018

CRA 000456 (Warren Muni. Ct. filed Feb. 22, 2018).  Det. Stephens testified before a Trumbull

County Common Pleas Court Grand Jury.  The case was bound over to the Trumbull County

Common Pleas Court, and Plaintiff was indicted in *State of Ohio v. Ackley*, No. 2018 CR 00253

(Trumbull Cty. Common Pleas Ct. filed March 28, 2018).  Plaintiff was provided full legal

5

(4:20CV0325)

process, and throughout, it was determined that there was probable cause to pursue the claims against her.

### III.  Defendants' Motion for Summary Judgment (ECF No. 36)

#### A.  Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  Fed. R. Civ. P. 56(c)(1)(a) requires a party requesting summary judgment in its favor or an opposing party "to go beyond the pleadings" and argument, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial."  *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of genuine dispute.  An opposing party may not simply rely on its pleadings.  Rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury."  *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).  The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts

6

(4:20CV0325)

and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.* (citing *Anderson*, 477 U.S. at 252).

(4:20CV0325)

### B. Analysis

#### 1. *Monell* Claim

Plaintiff generally argues that there was a conspiracy against her and that Defendants

Nick Roberts, Jeff Urso, Jeff Edmundson, and Det. Stephens had a conflict of interest.

Defendants argue Plaintiff's claims fail to assert a viable claim under *Monell v. New York City*

*Dept. of Soc. Svcs.*, 436 U.S. 658 (1978), against Defendant Howland Township.

In *Monell*, the Supreme Court held that a municipality is subject to liability under § 1983

only if a custom or policy was the moving force behind the alleged constitutional violation. *Id.* at

690-91.  Furthermore, as to the § 1983 claims against Defendants Nick Roberts, Jeff Urso, Jeff

Edmundson, and Det. Stephens, in their official capacities:  "Suing a municipal officer in his

official capacity for a constitutional violation pursuant to 42 U.S.C. §1983 is the same as suing

the municipality itself."  *Kraemer v. Luttrell*, 189 Fed.Appx. 361, 366 (6th Cir. 2006).  "[T]hus a

successful suit against a municipal officer in his official capacity must meet the requirements for

municipal liability stated in *Monell* [ ]."  *Id.*

Because no constitutional violation has been shown, Plaintiff's *Monell* claim against

Howland Township cannot survive as a matter of law.  There can be no liability under *Monell*

without an underlying constitutional violation. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir.

2014); *see also Farinacci v. City of Garfield Hts.*, No. 1:08CV1355, 2010 WL 1268068, at *5

(N.D. Ohio March 30, 2010) (O'Malley, J.) ("[When] no constitutional violation occurred, there

can be no *Monell* claim against the City, regardless of its policies."), *aff'd*, 461 Fed.Appx. 447

(6th Cir. 2012); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Robertson v. Lucas*, 753

(4:20CV0325)

F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying

constitutional violation.").  In addition, the § 1983 claims against Defendants Nick Roberts, Jeff

Urso, Jeff Edmundson, and Det. Stephens, in their official capacities, fail for the same reason.

*See Ghaster v. City of Rocky River*, No. 1:09CV2080, 2010 WL 2802685, at *7 n. 6 (N.D. Ohio

May 12, 2010) *report and recommendation adopted as modified*, No. 1:09CV2080, 2010 WL

2802682 (N.D. Ohio July 13, 2010).

Plaintiff's inability to demonstrate a violation of her constitutional rights entirely

undermines her § 1983 claims against Defendant Howland Township as a Township cannot be

held liable "absent an underlying constitutional violation by its officers."  *Katz v. Vill. of Beverly*

*Hills*, 677 Fed. Appx. 232, 238 (6th Cir. 2017) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d

890, 900 (6th Cir. 2004)).  In addition to the absence of the necessary constitutional violation to

substantiate a § 1983 claim, Plaintiff has also failed to point to a specific policy or custom of

Howland Township which resulted in the alleged First, Fourth, Fifth and Fourteenth Amendment

violations.  To be liable, the constitutional violation must result from an official policy; the

"plaintiff must demonstrate that, through its deliberate conduct, the municipality was the

'moving force' behind the injury alleged;" and the plaintiff must demonstrate a causal link

between the municipality's action and the constitutional violation.  *Alman v. Reed*, 703 F.3d 887,

903 (6th Cir. 2013).  If the record fails to demonstrate that any individual officer actually violated

the plaintiff's rights, the municipality cannot be found liable, regardless of its policies.  *Vereecke*

*v. Huron Valley School Dist.*, 609 F.3d 392, 404 (6th Cir. 2010) (citing *Heller, 475 U.S. at 799*).

Plaintiff cannot carry the heavy burden of a *Monell* claim in which she must identify, with

(4:20CV0325)

specificity, a policy or practice of Howland Township which was the "moving force" behind the

alleged First, Fourth, Fifth, and Fourteenth Amendment violations.  Moreover, Plaintiff has

failed to demonstrate a causal link between such policy and her alleged injury.  *See Logan v.*

*Twp. of W Bloomfield*, No. 16-cv-10721, 2018 WL 3631910, at \*6 (E.D. Mich. July 31, 2018)

(granting summary judgment when defendants argued plaintiff failed to identify any municipal

policy or custom as the "moving force" behind any individual defendant's action that inflicted a

constitutional injury).  As such, Plaintiff's claims against Defendant Howland Township fail as a

matter of law.

### 2.  Malicious Prosecution Claim

Plaintiff was arrested pursuant to a valid arrest warrant, she was arraigned by the Warren

Municipal Court, and was indicted by a grand jury.  Plaintiff's purported claim of malicious

prosecution fails as a matter of law because she cannot overcome the presumption of probable

cause.  A claim for malicious prosecution arising in violation of the Fourth Amendment is

cognizable under § 1983.  *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).  A plaintiff

asserting a claim for malicious prosecution must establish that:  (1) a criminal prosecution was

initiated against the plaintiff and the defendant participated in the decision to prosecute the

plaintiff; (2) the prosecution lacked probable cause; (3) the plaintiff suffered a deprivation of

liberty as a result of the legal proceedings apart from the initial seizure; and, (4) the criminal

proceeding was resolved in the plaintiff's favor.  *Id.* at 308-09.

(4:20CV0325)

Pursuant to established Sixth Circuit law, the return of an indictment by a grand jury establishes a rebuttable presumption of probable cause. *See Jerome v. Crum*, 695 Fed.Appx. 935, 943 (6th Cir. 2017). The exception to the presumption requires a showing of:

> (1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony . . . .

*Miller v. Maddox*, 866 F.3d 386, 391 (6th Cir. 2017) (quoting *King v. Harwood*, 852 F.3d 568, 587 (6th Cir. 2017)); *see also Parnell v. City of Detroit, Mich.*, 786 Fed.Appx. 43, 47 (6th Cir. 2019) ("a bindover determination after a preliminary hearing, or a grand jury indictment, proves the existence of probable cause sufficient to call for trial on the charge and forecloses a claim for malicious prosecution.") (citing *King*, 852 F.3d at 587-588).

Plaintiff contends that the grand jury indictment was based on false statements made by Defendants Nick Roberts, Jeff Urso, Jeff Edmundson, and/or Det. Stephens, but does not provide evidence to support this assertion. *See* ECF No. 40 at PageID #: 471, ¶ 10. Plaintiff has not demonstrated that Det. Stephens, or any of the other Police Officers employed by Defendant Howland Township, intentionally or recklessly made false claims. Rather, all the verified evidence in the record entirely supports their conclusions. For these reasons, the Court finds Plaintiff cannot overcome the presumption of probable cause, which defeats her purported claim for malicious prosecution asserted in the First Cause of Action.

(4:20CV0325)

### 3. False Imprisonment Claim

To prevail on a false imprisonment or false arrest claim in violation of her Fourth

Amendment right, Plaintiff must show that she was arrested without probable cause.  *See*

*Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005); *see also Wallace v. Kato*, 549

U.S. 384, 388-89 (2007).  "An arrest pursuant to a facially valid warrant is normally a complete

defense to a federal constitutional claim for false arrest or false imprisonment brought under

§ 1983."  *Voyticky*, 412 F.3d at 677 (citing *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979)).

Probable cause to initiate a criminal prosecution exists when the "facts and circumstances [are]

sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime

charged."  *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) (quoting *MacDermid v.*

*Discover Fin. Servs.*, 342 Fed.Appx. 138, 146 (6th Cir. 2009)).  False imprisonment necessarily

ends when the individual becomes held pursuant to legal process, *e.g.*, when she is arraigned on

charges.  *Wallace*, 549 U.S. at 389.

Plaintiff has failed to show that the arrest was without probable cause.  Specifically, she

also has not carried her burden to rebut the presumption of probable cause arising from her case

having been bound over and that she was indicted by a grand jury.  For these reasons, the Third

Cause of Action alleging false imprisonment fails as a matter of law.

### 4. Conspiracy Claim

A civil conspiracy under § 1983 "is an agreement between two or more persons to injure

another by unlawful action."  *Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016) (quoting

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985).  To state a valid civil conspiracy claim

(4:20CV0325)

under § 1983, a plaintiff must allege that "(1) a single plan existed, (2) the conspirators shared a

conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act

was committed in furtherance of the conspiracy that caused the injury." *Marvaso v. Sanchez*, 971

F.3d 599, 606 (6th Cir. 2020) (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014))

(internal quotation marks omitted).  A plaintiff must also allege an actual deprivation of rights, as

"the gist of the section 1983 cause of action is the deprivation and not the conspiracy." *Miller v.*

*Meyer*, No. 2:14-cv-101, 2014 WL 5448348, at *11 (S.D. Ohio Oct. 23, 2014) (citing *Stone v.*

*Holzberger*, 807 F. Supp. 1325, 1340 (S.D. Ohio 1992)).  Furthermore, conspiracy claims must

be pled with some degree of specificity and vague or conclusory allegations unsupported by

material facts will not be sufficient to assert claims under § 1983.  *Bickerstaff*, 830 F.3d at 400

(citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563-64 (6th Cir. 2011)).

Plaintiff cannot demonstrate a claim of civil conspiracy in the absence of an underlying

constitutional violation and has otherwise failed to identify specific facts to support her purported

claim of civil conspiracy asserted in the Second Cause of Action.  In addition, Plaintiff raises a

criminal conspiracy claim, presumably under 18 U.S.C. §§ 241-242.  Plaintiff, however, fails to

state a viable federal cause of action under these statutes because they do not provide a basis for

civil liability.  *Krajicek v. Justin*, No. 98-1249, 1999 WL 195734, at *1 (6th Cir. March 23,

1999); *see also United States v. Oguaju*, 76 Fed.Appx. 579, 581 (6th Cir. 2003) (finding

plaintiff's claims pursuant to 18 U.S.C. § 241 or § 242 were properly dismissed because plaintiff

"has no private right of action under either of these criminal statutes").

13

(4:20CV0325)

## 5. Qualified Immunity

Once a defendant raises qualified immunity, the burden shifts to the plaintiff, who must

demonstrate both that the official violated a constitutional or statutory right, and that the right

was so clearly established at the time of the alleged violation that every reasonable official would

have understood that what he was doing violated that right.  *Ashcroft v. al-Kidd*, 563 U.S 731,

741 (2011).  If the plaintiff fails to carry this burden as to either element of the analysis, qualified

immunity applies and the official is immune.  *Cockrell v. City of Cincinnati*, 468 Fed.Appx. 491,

494 (6th Cir. 2012).  "Clearly established law" should not be defined "at a high level of

generality" and the clearly established law must be "particularized" to the facts of the case.

*Ashcroft*, 563 U.S. at 742; *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In *Saucier v. Katz*, the Supreme Court established a two-step inquiry for determining

whether an official is entitled to qualified immunity.  533 U.S. 194, 201 (2001).  The Court must

consider (1) whether, viewing the evidence in the light most favorable to the injured party, a

constitutional right has been violated; and (2) whether that right was clearly established.  *Id.*  In

*Pearson v. Callahan*, the Supreme Court held that while the sequence set forth in *Katz* is often

appropriate, it is not mandatory, and courts have discretion to decide which of the two prongs of

the qualified immunity analysis to address first.  555 U.S. 223, 236 (2009); *Williams v. City of

Grosse Pointe Park*, 496 F.3d 482, 485 (6th Cir. 2007) (if a plaintiff is "unable to establish

sufficient facts to support a finding of a constitutional violation by the defendant, the inquiry

ceases, and the court must award judgment to the defendant").  The Court does not address the

qualified immunity argument of Defendants Nick Roberts, Jeff Urso, Jeff Edmundson, and Det.

(4:20CV0325)

Stephens, in their individual capacities, because it concludes, for the reasons set forth above, that

Plaintiff has not sustained her burden to demonstrate a deprivation of her constitutional rights

regarding any of her claims.

### IV. Plaintiff's Motion to Sanction Defendants/Defendants' Counsel (ECF No. 43)[6]

Plaintiff's motion for sanctions is filed against Defendants/Defendants' counsel for

purportedly providing false or misleading statements.  As an initial matter, the motion (ECF No.

43) does not provide any statutory basis, nor does it cite to any federal or local rules.  To the

extent Plaintiff intended to submit her motion for sanctions pursuant to Fed. R. Civ. P 11, as it is

directed at the filings submitted by Defense counsel, the motion must be denied as Plaintiff failed

to comply with the procedural requirements.

Plaintiff provides no proof of compliance with the safe-harbor provision contained in

Rule 11(c)(2) before seeking sanctions.  While Plaintiff sent correspondence to Defense counsel

in November 2021 (ECF No. 44-1) indicating she intended to file a motion for sanctions for false

statements, she did not serve a motion.  Under the safe-harbor requirement, a party is required to

formally serve the sanctions motion on the opposing party and then wait twenty-one days to file

---

[6] Plaintiff did not file a reply memorandum in support of ECF No. 43.
Defendants' Brief in Opposition (ECF No. 44) was served on December 10, 2021.  LR
7.1(e) provides:

> . . . the moving party may serve and file a reply memorandum . . . in
> support of any non-dispositive motion within seven (7) days after service
> of the memorandum in opposition. . . .

Plaintiff's permissive reply memorandum was, therefore, due on December 17, 2021.
Thus, the time for filing a reply has elapsed without a reply brief in support of the motion
having been filed.  *See* LR 7.1(g).

(4:20CV0325)

the motion with the Court.  Fed. R. Civ. P. 11(c)(2); *see also Penn, LLC v. Prosper Bus. Dev.*

*Corp.*, 773 F.3d 764, 767 (6th Cir. 2014).  "Failure to comply with the safe-harbor provision

precludes imposing sanctions on the party's motion." *Penn*, LLC, 773 F.3d at 767 (citing *Ridder*

*v. City of Springfield*, 109 F.3d 288, 297 (6th Cir.1997)); *see also Yao v. Oakland University*, No.

2:21-cv-10523, 2022 WL 187760, at *2 (E.D. Mich. Jan. 20, 2022) (denying sanctions request

when plaintiff offered no evidence that she adhered to the safe-harbor provision contained in

Rule 11(c)(2)).  Even apart from these procedural failings, Plaintiff's motion for sanctions lacks

any legal or factual merit.

### V.  Conclusion

Accordingly,

Defendants Howland Township, Nick Roberts, Jeff Urso, Jeff Edmundson, and Det. Sean

Stephens's Motion for Summary Judgment (ECF No. 36) is granted.

Plaintiff's Motion to Sanction Defendants/Defendants' Counsel for Knowingly

Submitting False and Misleading Statements in a Civil Proceeding (ECF No. 43) is denied.

Plaintiff's Motion to Extend Discovery Cut-off Deadline (ECF No. 30) is denied as moot.


IT IS SO ORDERED.


 February 28, 2022          /s/ Benita Y. Pearson
Date                       Benita Y. Pearson
                           United States District Judge

16